```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION
```

**JEREMIAH TAYLOR, # 38571-044**                                         **PETITIONER**

**VERSUS**                                               **CAUSE NO. 3:24cv43-TSL-RPM**

**MERRICK GARLAND and O. COBERT**                                       **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the court sua sponte. Pro se petitioner Jeremiah Taylor filed this Petition [1] and Amended Petition [3] for Writ of Habeas Corpus under 28 U.S.C. § 2241. He is presently incarcerated at the United States Penitentiary in Yazoo City, Mississippi and attacks his conviction for felon in possession of a firearm. The court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

On January 25, 2024, Taylor filed the instant habeas petition challenging his conviction handed down from the United States District Court for the Eastern District of Missouri. He was convicted of being a felon in possession of a firearm and was sentenced, on January 5, 2022, to sixty-eight months in the custody of the Bureau of Prisons. United States v. Taylor, 4:20cr824 (E.D. Mo. Jan. 5, 2022). The Eighth Circuit Court of Appeals affirmed on January 13, 2023. United States v. Taylor,

22-1107 (8th Cir. Jan. 13, 2023).

Taylor now brings the instant Petition under § 2241. He argues that being a felon in possession of a firearm is not forbidden by the Federal Register and that his conviction violates the Second Amendment. He asks the court to discharge him from custody.

**DISCUSSION**

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to § 2255 "provides the primary means of collateral attack on a federal sentence." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to § 2255. Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990).

Taylor argues that he committed no crime, and his conduct was protected by the Second Amendment. This argument does not challenge the execution of his federal sentence but instead attacks the validity of his sentence. Therefore, the claims are not properly pursued in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the

petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." Wesson v. U.S. Penitentiary, 305 F.3d 343, 347 (5th Cir. 2002). The "inadequate or ineffective" requirement is met "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones v. Hendrix, 143 S. Ct. 1857, 1868 (2023). Petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).

Taylor alleges that § 2255 is inadequate because his "innocence" claim is purportedly not cognizable under that statute. (Pet. at 3). He additionally argues that New York State Rifle and Pistol Association v. Bruen, 597 U.S. 1 (2022), requires review of his Second Amendment claim under § 2241. (Am. Pet. Ex 1 [3-1] at 2).

First, if Taylor is correct that his conduct did not, and could not, constitute a crime, he does not explain why he could not have raised these issues before the sentencing court on a § 2255 motion to vacate. Second, Bruen does not hold that § 2241 is the proper vehicle to examine whether a felon may be

3

constitutionally barred from possessing a firearm under 18 U.S.C. § 922(g).  Rather, Bruen involved review of a state licensing law.  Bruen, 597 U.S. at 11.  It did not discuss the parameters of § 2241.  Taylor has failed to demonstrate unusual circumstances that render it impossible or impracticable to seek relief in the sentencing court.

Since Taylor's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed under § 2241.  Accordingly, the Petition is dismissed as frivolous.  To the extent it can be construed as a § 2255 motion, it shall be dismissed for lack of jurisdiction.  Pack, 218 F.3d at 454.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED** this the 14th day of March, 2024.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE